Logan County Board, Douglas Muck and Katelyn Arp. Good morning. We are ready for our first case of the day. And that is case number 416-0122. And that is Schreiner v. County of Logan. Logan County Board, Douglas Muck and Katelyn Arp. And for the appellant we have Mr. Mordach. Is that correct, sir? And then for the appellee we have Mr. Germerod. Is that how you pronounce that? Germerod. Alright, thank you. And Mr. Wright? Alright. And I see here that Mr. Wright, you are not arguing. Is that correct, sir? That is correct. Alright, thank you. You may proceed, counsel. Good morning and may it please the court. My name is Greg Mordach and I represent the plaintiffs, Stephen and Pamela Schreiner, in this case. Our position is very simple. This case is not moot. There is controversy between the parties and effective relief can still be granted in this case. Underlying that notion is a zoning amendment passed by a governmental unit in violation of one's due process rights is void ad initio. It cannot and does not act to rezone property and it cannot be ratified by subsequent government action. Central to this case is a 2012 zoning amendment passed by the Logan County Board purporting to rezone defendants Muck and Katelyn Arp's property from SD Special District to M3 Extraction District. My clients, the Schreiners, are farmers. They live and farm the land adjacent to that property. And being adjacent property owners, they have certain rights and they are alleging that their due process rights were violated. They filed a complaint to this effect and when our law firm was retained by the Schreiners, that complaint was dismissed by agreement of the parties with leave to refile. Our First and Second Amendment complaints both had certain amendments. Our Third Amendment complaint was subject to a 2-6-19 motion. No answer has been filed yet by the defendants. A 2-6-19 motion to dismiss on mootness grounds. Specifically, the court held that regardless of the court's ruling in this case, it is clear that subsequent county board action on March 17, 2015 classified the Muck Arch property as M3 and rendered moot the current litigation. Now that March 17, 2015 action referenced by the Circuit Court was a text amendment passed by the Logan County Board. And what that text amendment did is it amended the Code of Ordinances for Logan County, for all property within Logan County, changed the text of an M3 designated property from, it changed the permitted and conditional uses. So, prior to that amendment, extraction used to be a permitted use on all property zoned M3. That changed with the 2015 text amendment. After that amendment, it was only a conditional use. Essentially, the 2015 text amendment added additional governmental oversight for extraction within Logan County. It also changed certain regulations to agricultural districts which aren't at issue in this case. And your client supported that amendment, is that correct? That is correct, Your Honor, because our client wanted more governmental oversight for limestone quarries being added in the County of Logan. They challenged, however, we are challenging the assertion that that text amendment mooted our case, which was based on an effective date provision which was found within that 2015 text amendment. And that effective date provision, it was a grandfather clause. It said, Sections 3.73 B and C shall be permitted uses for all land which has been or is otherwise designated for M3 classification by ordinance of Logan County on or before the effective date of this amendment. And that all such uses, for which I just described of this section as of the effective date, are designated in M3 on the attached zoning classification map. They had attached a map showing the zoning districts. Now, we're arguing that this mooted our challenge to the 2012 map amendment. A case is moot when the party's interests and rights are no longer in controversy and the resolution of the case would have no practical effect, or when events occur which make it impossible to grant effectual relief. Now, despite defendants' arguments that this case hinges on statutory interpretation of the effective date provision, that's not true. And this is key. The relief that we sought, and I'm going to quote from our third amendment complaint, the relief that we sought is for the court to declare and order that the purported decision of the Logan County Board on December 18, 2012, approving the MUC-ART application as void and unenforceable, and of no force or effect, and in joining enforcement of that purported decision, and enter in favor of plaintiffs all such other and further relief as this court deemed just and appropriate. That is still in controversy. We are alleging that the 2012 map amendment is void. Today, as I argue, you can go to Logan County and you will find resolution LO 12-1308, which I've been referring to as the 2012 map amendment. And that says that the petition of Douglas MUC and K. Allen Arch to rezone their property from SD Special District to M3 Extraction District is hereby approved. We are alleging that is void. The defendants, it can be gleaned from the brief, are arguing that it's valid. There's the controversy. And the Ferrett case makes clear that resolution of that controversy can still be had in a declaration that the 2012 map amendment is void. Today, you're going to hear, and the briefs certainly argued, things such as limestone quarries, rezoning, ratification, permitted uses, a grant of special privileges within the property. But the simple fact remains that the 2012 map amendment still appears valid in the corporate records of Logan County. And we are challenging that as being passed in violation of our due process rights. And we at least have the right to a hearing on the merits of that case to determine whether or not that is actually a valid amendment to the Logan County Zoning Code. Now, this would also have a practical effect, and I would like to touch on the practical effect, but that alone is enough to show that this case is not limited. But the practical effect of this is as follows. The morning of December 18, 2012, when the 2012 map amendment was passed, the parties agreed that the Muck Arch property was zoned SD Special District. Now, that night, the Logan County Board convened, and they signed that resolution. We're alleging that was a void action because our clients were not entering. And if we're correct, then that signing was void ab initio. It had no effect. It might as well have been signing an attendance sheet. So that on the morning of December 19, 2012, when the sun rose and shined on the Muck Arch property, it would still be zoned SD. And every morning thereafter, the property would be zoned SD. Until March 17, 2015, the date of the tax amendment, when the sun rose and shined on the property, it was still zoned SD. And the effective date provision, which only applied to property that had been zoned or otherwise approved M3 prior to the passage of that amendment, would not even apply. And we wouldn't get here. Now, defendants argue that the resolution does apply. They argue it in a conclusory fashion, and then they also argue that the defendant's property somehow rezoned or granted additional rights within the property. But before we even get there, we need to touch on the question, and that's what the underlying case is all about, whether or not the property was zoned SD or M3 that morning. And that is what our underlying complaint challenges is, the 2012 MAP amendment. Now, defendants argue in their brief state that MAP was never an approved or otherwise designated for M3 classification. This is the entire controversy that underlies our suit. We are alleging that it was never properly classified M3, and that the void decision operated to do nothing to the property, so that it still is. Well, counsel, it seems like the crux of the defendant's argument is that with the amendment, the property of your clients was M3. What's your response to that? That we don't even have to look at that because this amendment superseded it. Well, my initial response to that would be that under the Ferrett case, as long as that 2012 MAP amendment remains in Logan County as a valid ordinance, we have the right to challenge it. Even if a similar resolution was passed otherwise, we can get to their interpretation of what the 2015 text amendment, what that meant, maybe in a declaratory judgment in the future. We still have a right to have a determination of whether the 2012 MAP amendment is valid or void. And that's what we're arguing. Additionally, to touch on their argument that they somehow rezoned or reclassified this, there are differences between MAP amendments and text amendments in Logan County's code as well as state statute. A MAP amendment just affects one parcel of property. Due process rights are granted to adjacent landowners when touching on MAP amendments. What they're alleging they achieved through a text amendment is a backdoor rezoning or backdoor superseding of this statute. Despite the fact that the word superseding were never used, granting rights were never used, to rezone this property or zone again was never used. And I would urge the court to look at the difference between the language used in the actual resolutions. Because the 2012 MAP amendment very clearly states that they are approving Defendant compared with Resolution LO14-1540, the 2015 text amendment. Is the 2015 amendment ambiguous in your view? I believe depending on the 2012 MAP amendment, I believe ambiguity can be found. In the 2015? In the 2015 amendment. And here's how. If we prevail, and all we're asking for is a trial on the merits, but if we prevail, then we would assert that Defendant Muck and Arches property remains SD. And that it could be ambiguous in the sense that the effective date provision specifies that only property designated M3 prior to the passage of this effective date is grandfathered in. However, the MAP does contain the effective date provision is ambiguous because it conflicts with its exhibit. Now, I would argue that would be simply an error. And if you look actually at the best quality MAP can be found in the record at page 1309. But the districts aren't notified by PIN. There's no meets and bounds descriptions. It's just the shaded MAP. So basically your position is, if I can try to summarize it, the 2012 approval, there was not the appropriate process given to your clients in that. And with the 2015 amendment, that's simply grandfathered in property that had been previously approved, but that doesn't impact the appropriateness or the properness of the procedure that was employed with that 2012 approval. That is correct, Your Honor. We don't attack the validity of the 2015 text amendment despite defendant's assertions. But you say it doesn't apply other than grandfathering in. Well, we believe that the 2015 text amendment applies to all of Logan County. But the effective date provision only applied to property zoned M3 prior to its passage. But when I say it doesn't apply, you're saying that the 2015 amendment did not rezone your client's property. That's correct. The 2015 amendment did not rezone defendant Mucks and Arches property to M3. Well, isn't their position that it superseded the 2000, I see what you're saying, I'm sorry, yes, you're correct, Mucks property. They're saying it superseded the 2012. That is correct. What we allege is we don't attack that amendment. We did speak in favor of it because it adds additional procedural safeguards. They could have mooted this case had they gone through the proper zoning procedures, had they effectively rezoned the property, had they followed proper procedure and again tried to reclassify that property, published properly. But they did not go through those steps. Instead, they passed a text amendment. They waited until the time to challenge that text amendment passed. And then they came up with their interpretation of what that text amendment meant. And they argue that the plain text amendment meant, despite the fact that it seemed that contrary positions were taken at this actual hearing. We would argue that the inclusion of defendant Mucks and Arches property on the map is a mere error. And that if we prevail in the underlying suit, that the map could be amended, the resolution could be amended, the 2015 amendment. That's correct. But how is it an error if at the time the map was prepared, wasn't it accurate given that you hadn't been able to undo what previously occurred in 2012? It was accurate in the sense that the ordinance was still, Logan County was still operating under the assumption that the ordinance was valid. And they're still operating under that assumption today. However, we would argue that that resolution was void ab initio. That it had no effect ever. And that as of its inclusion on that map, the inclusion would be an error. But we are asking for a trial on that issue to have a determination as to what effect, if any, the 2012 map amendment had. I guess my point is, there has been no holding or ruling that it was void at this point. That is correct, Your Honor. In their arguments, the defendants are putting the cart before the horse on this case. They're asking for interpretations of the 2015 text amendment as it applies to extraction on the property. We are arguing that the 2012 map amendment is void. That determination has not been met. I think the case makes clear that we have a right to challenge that. And unless it's rendered inoperable, either explicitly or implicitly, the plaintiffs have a right to challenge that. We're asking for a hearing on the merits. There might be a day when we argue what the 2015 text amendment meant. But we're not at that point yet. We are trying to get to the point where we know what happened in 2012. What did the 2012 map amendment actually do? So we can know what the property was zoned as of the morning of March 17, 2015. And so we can know what the property is zoned today. There is a controversy as to whether or not that's valid. You can still find that resolution on the books of Logan County. So this case can be resolved by finding one way or another as to whether that's a void or valid argument. So this case is not moot. And we ask for a hearing on the merits. Thank you, counsel. I don't see any questions. You may proceed, Mr. Gurmarad. Good morning, justices, counsel, and police support. My name is Jason Gurmarad and I represent Defendant K. Allen Arch. To get right into it, the plaintiffs make four arguments why the case is not moot. First, they've divided the brief into three arguments, but I think their second argument makes two separate arguments. First argument they make, plaintiffs argue that the 2012 zoning amendment should be assumed void such that the defendant's property was never zoned M3 and argue that the 2015 zoning amendment only applies to property zoned M3 and since according to the plaintiffs that a defendant's property was never zoned M3, the 2015 zoning amendment should be interpreted not to apply to the defendant's property. First, the 2012 zoning amendment is not void. The plaintiffs frame almost all of their arguments on the premise that the 2012 zoning amendment is void. The 2012 zoning amendment is a legislative decision and is presumed valid. But isn't that the open question? I mean, isn't that opposing counsel's point they want to have a hearing on whether or not it is valid and that they were deprived of that? Yes, the question for mootness is whether it is impossible for the trial court to grant any effective relief. The relief that they are seeking is to prohibit the defendants from using their property as a limestone quarry. The 2015 zoning amendment states, plain language states, that limestone extraction shall be a permitted use for the defendant's property. Because of that separate zoning amendment that makes this case moot, because of that zoning amendment that grants the permitted use of limestone extraction, it doesn't matter. Is there a difference between a permitted use and getting approval for it? I mean, is it just automatic? Isn't there a process that they have to go through to get approval for it? They publish notices in the zoning. That was a yes or no question. And they have the follow the notice requirements to make a zoning amendment. You're talking about in 2015? Correct. What about in 2012? I'm not arguing that the 2015 amendment rezoned the property because it was already zoned M3. I'm arguing that the plain language states that the property shall have a permitted use of limestone extraction. So your position is that the 2015 amendment grandfathered in your client's property? Is that correct? No, I'm arguing that the plain language states that limestone extraction shall be a permitted use for the property, such that the litigation over the 2012 rezoning, which allows limestone extraction, is no longer relevant because the plaintiffs can no longer claim their property as limestone. Didn't the 2015 amendment identify the subject property as previously zoned M3 by the 2012 rezoning? Correct. Well, then it seems to me that if there was any purpose or meaning to the 2015 amendment doing so, then there must be some reference or significance to the 2012 amendment. In other words, if this was an entirely new thing, if the 2015 amendment can't ignore entirely the 2012 issue, why did the 2015 amendment refer to it at all? Because they were defining the property to which the language applied. You mean they had to refer to it by means of the 2012 amendment? There was no other way to refer to this property? That seems like a rather complicated thing. Yes, they attached a map which identified all the properties. So why did the 2015 amendment refer to the 2012? It doesn't specifically refer to the 2012 amendment. Well, that was the question I just asked you, and you said, yes, it does. Didn't the 2015 amendment identify the subject property as property previously zoned M3 in the 2012? It refers to all property previously zoned M3, and that includes the defendant's property, which was rezoned by the 2012 zoning amendment. It doesn't only apply to the defendant's property. It applies to all properties zoned M3 at that time in Logan County, and there were multiple properties. I guess what I don't understand is the 2015 amendment grandfathered in property already rezoned M3. Your client's property is in that category, correct? Correct. So, if that initial rezoning of it as M3 was somehow improper, how does the 2015 amendment cure that? Because you're assuming that the 2012 zoning amendment is void when you should not assume that? No. Let's assume it. We assume it was void. Can you grandfather in a void action? No, but I disagree that that's what... Well, but you see, that's the whole problem. Just as Holder White was talking about, if we're never going to have litigation on whether the 2012 action was legitimate, how do we ever know? Well, you're trying to define the zoning classification of the defendant's property as something that could be subject to change in the future. And if you apply the plain language rule of statutory construction, you should look at what was the defendant's property zoned at the time of the 2015 zoning amendment. You're trying to... They're arguing you should assume it's void based on rules relating to motions to dismiss, which should not be applied in statutory construction. They may be arguing that, but the question becomes, should that be subjected to a hearing to determine whether or not they're correct that it somehow was void? My argument is the plain language. You have to look at the 2015 zoning amendment, the language of it, and interpret that. And when you interpret that, it means the defendant's property shall have the permitted use of limestone extraction. No, it means that it will grandfather in property that was already rezoned M3. And so, if that was not properly done, we get back to Justice Steigman's question, can we grandfather in rezoning that was improperly done that's void? That hasn't been determined yet. I agree with you. Should it be determined? Well, it wasn't determined at the time of the 2015 zoning amendment. But there was pending litigation. There was, but I don't understand how you would ignore the plain language rule of statutory construction, which would explain that the language uses listed in Section 3.73-3 BNC shall be permitted uses for all land. But how does that cure what we, like Justice Steigman said, if we assume, which I'm not saying that is necessarily true, but how do you grandfather in something that was done improperly? It's their burden to prove it was done improperly. Well, they don't get to prove that if they don't get a hearing, right? And when and where do they rebut that presumption? Where do they drop the ball? So you're saying it can never be rebutted? The presumption of validity of the 2012 action can never be rebutted in any action? No. Well, what's the action in which it can't be rebutted? It's presumed valid until they win in the case. When is that case going to be presented and heard? I'm arguing that it's moot because the 2015 zoning amendment separately grants the permitted use of limestone attraction to the defendant's property, and that's the entire purpose of the litigation relating to the 2012 zoning amendment. And that's based on the plain language of that section, yes. So I was arguing that the 2012 zoning amendment is not void. It's presumed valid. No one has successfully challenged the 2012 zoning amendment, so the zoning amendment is not void. Furthermore, the plaintiffs directly contradict their argument that the 2012 zoning amendment is void in their reply brief. In pages 8 and 9, the plaintiffs assert that the 2012 zoning amendment is still valid and in effect, such that the plaintiff's lawsuit is not moot. So it can't be both void and not void in their argument. But on one hand, they're arguing it's void when you for purposes of interpreting the language of the section, you should consider the 2012 zoning amendment void. When it comes to considering mootness, they say it's not void. It can't be both. If the 2012 zoning amendment were really void, this lawsuit wouldn't even exist. What would we be arguing about? If the 2012 zoning amendment were void, that would mean the defendants would have no right to operate their property as a limestone quarry and the plaintiffs would not be challenging that. So it can't be void. If the 2012 zoning amendment is void, why are we here today? That doesn't make any sense. Second, it should be clear that what the plaintiffs are arguing is for a rule relating to assumptions on motions to dismiss to be applied as a rule of statutory construction. And that is completely improper. Even under the rules of assumptions on motions to dismiss, legal conclusions alleged in a complaint are not to be accepted as true. Only facts alleged in a complaint are to be accepted as true. Their complaint alleges the legal conclusion that the 2012 zoning amendment is void and they are saying you should assume that based on the rules relating to motions to dismiss. First of all, that's wrong. Second of all, that ignores the rules of statutory construction. So it's improper. Their second argument is that the property was not rezoned because the procedures followed were for a text amendment and not a map amendment. The defendants agree that the property was not rezoned because the property was already zoned M3, but the plain language of the 2015 zoning amendment states that limestone extraction shall be a permitted use for the defendant's property. So although the property was not rezoned, it has the same effect of rezoning because it grants the permitted use of limestone extraction. The plaintiffs argue that the court should look to the notices provided by the Logan County Zoning Board relating to the 2015 zoning amendment in order to interpret the language of the 2015 zoning amendment. Again, that violates the rules of statutory construction. When the language of the ordinance is clear, the language shall be given its effect without resorting to extrinsic evidence. All of their arguments focus on the plain language of the section. You asked if they are arguing there's an ambiguity. They didn't argue that in the trial court, and they didn't argue that in any of their written briefs. Do you think there's an ambiguity? Absolutely not. Uses listed in Section 3.73-3B and C shall be permitted uses for all land where such uses already exist and are in operation. But you're interpreting the 2015 amendment as, in your words, I think you said, has the same effect as rezoning the property. So is that an ambiguity? Do you think that it can be interpreted that way as well as interpreted that it did not have the effect of rezoning the property? No, I think the plain language is clear. That's my argument for why the case is moot, is that it has the same effect of rezoning the property. So that doesn't go to the specific meaning of the language itself. The specific meaning of the language itself is the defendant's property shall have limestone extraction as a permitted use. My argument is that that is the same effect as the property being zoned M3, such that it's happened twice now, meaning why are we still arguing about the first one when they have not been able, they did not challenge the 2015 zoning amendment, which grants the permitted use. So you agree that the 2015 amendment did not rezone or reclassify your client's property? It did not technically rezone it, but it had the same effect as rezoning. What does that mean? What does that mean, it did not technically rezone it, but it had the same effect? That the plain language states limestone extraction shall be a permitted use for the defendant's property, and rezoning M3 would also grant the permitted use of limestone extraction. ... ... Mr. Moornach said they are not challenging the validity of the 2015 zoning amendment, but they do to the extent, based on their arguments they are saying they don't, but based on our arguments they are, because they are saying they challenge it. They specifically say they challenge it to the extent it grants the permitted use of limestone extraction to that property. And they attack it based on notices being defective. First, the plaintiffs cite two procedural requirements of the Logan County zoning ordinance, which were not in effect at the time of the 2015 zoning amendment. At the same time as the 2015 zoning amendment was passed, they passed new procedural arguments to apply. Well, they didn't apply at that time. Second, the plaintiffs were present at the hearing and therefore had actual notice of the 2015 zoning amendment. ...